UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MAYRA A. BEDOYA
and other similarly-situated individuals,

    Plaintiff (s),

v.

SOUTH FLORALS DC, LLC,
SAMUEL D. NORIEGA,
and DANIEL L. SANCHEZ, individually.

    Defendants.
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216 (b)

COMES NOW the Plaintiff MAYRA A. BEDOYA, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants SOUTH FLORALS DC, LLC, SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ, individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act", (Section 216 for jurisdictional placement).

2. Plaintiff MAYRA A. BEDOYA is a resident of Miami-Dade, Florida, and at the time relevant to this complaint she worked in the Miami-Dade County area, and she is within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SOUTH FLORALS DC, LLC (hereinafter SOUTH FLORALS) is a Florida corporation which has its place of business in Miami-Dade County and performed business in Miami-Dade County within the jurisdiction of this Court. At all times material hereto, Defendant was and is engaged in interstate commerce.

4. The individual Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ were/and are now, owners and managers of Defendant Corporation SOUTH FLORALS. These individual Defendants are the employers of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who were misclassified as "Independent Contractors, and who worked in excess of forty (40) hours during one or more weeks on or after February 2015, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA. It is believed that Defendants employ more than 10 drivers working under the same terms and conditions as Plaintiff.

7. Corporate Defendant SOUTH FLORALS is a retail businesses. Defendant operates as fresh flowers shop. They sell plants, fresh flowers, florist supplies, fresh plants and flowers arrangements, Defendant provides same day deliveries.

8. Defendant SOUTH FLORALS employed Plaintiff MAYRA A. BEDOYA as a delivery driver from approximately February 4, 2015 through February 17, 2017, or 103 weeks.

9. Plaintiff maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 9.30 AM to 7:00 PM, (9.5 hours daily) or 47.5 hours per week. Plaintiff returned to the shop every day at 2:00-2:30 PM to pick up more flower arrangements to be delivered. Due to the nature of her work, Plaintiff was unable to take bona fide lunch hour breaks.

10. During the high season weeks of Saint Valentine, Mother's Day, Thanksgiving Day, and Christmas, Plaintiff worked weeks of 68, 80, and 84 hours.

11. Plaintiff was paid $6.00 per delivery, regardless the distance or the time employed performing the delivery. Plaintiff completed an average of 22 deliveries and she was paid an average of $660.00 weekly.

12. During her time of employment with Defendants, Plaintiff MAYRA A. BEDOYA was wrongly classified as an "Independent Contractor". However, Plaintiff was an employee of Defendants under the FLSA, and IRS regulations.

13. Plaintiff was an employee of Defendant, under the protection of FLSA regulations because; 1) Plaintiff was a full time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendant consistently 47.5 hours weekly for a period of more than 103 weeks; 3) Plaintiff depended exclusively of her employment with Defendant, and she did not have any other job during her period of employment with Defendant; 4) Defendant had absolute control over Plaintiff's hours of work, they provided Plaintiff with her work schedule and

assigned her duties and tasks; 5) Due to the nature of the business, Defendant monitored Plaintiff closely, demanding high velocity performing the deliveries; 6) Plaintiff did not have any discretion to perform her work assignments or authority to refuse them; 7) The work performed by Plaintiff was an integral part of the Defendant's business; 8) Plaintiff performed her work exclusively for Defendant's customers; 9) Plaintiff reported to work every day at 9:30 AM or earlier, and finished her driving duties after 7:00 PM.

14. By reason of the foregoing, Plaintiff MAYRA A. BEDOYA was an employee of SOUTH FLORALS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

15. Plaintiff, and other similarly situated individuals, were required to maintain and pay for safe, clean, legally operable, and insured vehicles. Plaintiff used her own personal vehicle to perform her work. Nevertheless, Plaintiff was not reimbursed for gasoline, and car expenses such as gasoline, ($150.00 weekly); tolls ($30.00 weekly); car maintenance, ($20.00 weekly); and car insurance ($50.00 weekly or $200.00 monthly). These car expenses totaled $250.00 very week.

16. Plaintiff worked regularly a minimum of 47.5 hours weekly. However, due to her misclassification as independent contractor Plaintiff did not receive any additional payment for 7.5 overtime hours, and many more hours in high season weeks.

17. Plaintiff received her bi-weekly payment for an all-inclusive amount, without any description or specification for the amount paid for hours worked, car expenses, etc.

18. Therefore, during the relevant period, Defendants misclassified Plaintiff and failed to pay her overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

19. Plaintiff complained about the lack of payment for overtime hours, with management, and she was told "We don't pay overtime here, take it or leave".

20. On or about February 7, 2017, Plaintiff and other co-workers intended to complaint about overtime payment with the owners of the business SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ, 2016. Managers Juan Rivera and German Guzman did not allow her and other co-workers to talk to SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ.

21. As a result, on or about February 17, 2017, Plaintiff was fired. Plaintiff was fired in retaliation for her complaints for overtime payment. There was an additional discriminatory reason for Plaintiff's termination. Plaintiff had informed management that she was pregnant. Plaintiff has filed a charge of Pregnancy Discrimination with the Equal Opportunity Commission (EEOC).

22. Plaintiff MAYRA A. BEDOYA and all others similarly situated individuals were victims of Defendants' common policy and practices which enabled them to violate overtime provisions of the Fair Labor Standards Act.

23. Plaintiff seeks to recover unpaid overtime wages, accumulated during the relevant period of employment, reimbursement of car expenses, retaliatory damages, liquidated damages, and any other relief as allowable by law.

24. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were misclassified as "Independent

Contractors", not being paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff MAYRA A. BEDOYA and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Defendant SOUTH FLORALS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant is fresh flower shop and delivery service that participated in interstate commerce. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in

excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a delivery driver, delivering orders taken on line and paid with credit cards. Therefore, there is FLSA individual coverage.

29. Defendant SOUTH FLORALS employed Plaintiff MAYRA A. BEDOYA as a delivery driver from approximately February 4, 2015 through February 17, 2017, or 103 weeks.

30. Plaintiff maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum from 9.30 AM to 7:00 PM, (9.5 hours daily) or 47.5 hours per week. Plaintiff returned to the shop every day at 2:00-2:30 PM to pick up more flower arrangements. Due to the nature of her work, Plaintiff was unable to take bona fide lunch hour breaks.

31. During the high season weeks of Saint Valentine, Mother's Day, Thanksgiving Day, and Christmas, Plaintiff worked weeks of 68, 80, and 84 hours.

32. Plaintiff was paid $6.00 per delivery, regardless the distance or the time employed performing the delivery. Plaintiff completed an average of 22 deliveries and she was paid an average of $660.00 weekly.

33. During her time of employment with Defendants, Plaintiff MAYRA A. BEDOYA was wrongly classified as an "Independent Contractor". However, Plaintiff was an employee of SOUTH FLORALS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required

to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

34. Plaintiff worked regularly a minimum of 47.5 hours weekly. However, due to her misclassification as independent contractor Plaintiff did not receive any additional payment for 7.5 overtime hours, and many more hours in high season weeks.

35. Plaintiff received her bi-weekly payment for an all-inclusive amount, without any description or specification for the amount paid for hours worked, car expenses, etc.

36. Therefore, during the relevant period, Defendants misclassified Plaintiff and failed to pay her overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

37. Plaintiff and other similarly situated employees were paid with checks. The checks were not accompanied by paystubs or records providing information regarding any accounting of hours worked or classification of the employee's labor, withholdings of employment taxes, deductions or reimbursement made.

38. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time records of hours worked by Plaintiff and other employees.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    *These are preliminary calculations, subjected to modification as discovery would dictate

    a. <u>Total amount of alleged half-time unpaid O/T wages:</u>

    Seven Thousand Two Hundred Forty-One Dollars and 45/100 ($7,241.45)

    b. <u>Calculation of such wages:</u>

    Total relevant weeks of employment: 103 weeks

    **1.- Overtime for 2015: 47 weeks = $3,195.65**
    
    i. Total number of regular weeks: 43 weeks
    Total number of hours worked: 47.5 hours weekly
    Total number of O/T hours: 7.5
    Paid: $660.00: 47.5 hrs. = $13.89 an hour:2= $6.94 half-time

    Half-time $6.94 x 7.5= $52.05 weekly x 43 weeks= $2,238.15

    ii. High season Saint Valentine 1 week: 80 hours
    Overtime hours: 40 hours

    Half-time $6.94 x 40= $277.60.

    iii. High season Mother's Day 1 week: 84 hours
    Overtime hours: 44 hours

    Half-time $6.94 x 44= $395.36.

    iv. High season Thanksgiving Day: 1 week: 53 hours
    Overtime hours: 13 hours

    Half-time $6.94 x 13= $90.22

    v. High season Christmas Day: 1 week: 68 hours
    Overtime hours: 28 hours

    Half-time $6.94 x 28= $194.32

    **2.- Overtime for 2016: 52 weeks= $3,455.90**

i. Total number of regular weeks: 48 weeks
Total number of hours worked: 47.5 hours weekly
Total number of O/T hours: 7.5
Paid: $660.00: 47.5 hrs. = $13.89 an hour:2= $6.94 half-time

Half-time $6.94 x 7.5= $52.05 weekly x 48 weeks= $2,498.40

ii. High season Saint Valentine 1 week: 80 hours
Overtime hours: 40 hours

Half-time $6.94 x 40= $277.60.

iii. High season Mother's Day 1 week: 84 hours
Overtime hours: 44 hours

Half-time $6.94 x 44= $395.36.

iv. High season Thanksgiving Day: 1 week: 53 hours
Overtime hours: 13 hours

Half-time $6.94 x 13= $90.22

v. High season Christmas Day: 1 week: 68 hours
Overtime hours: 28 hours

Half-time $6.94 x 28= $194.32

**3.- Overtime for 2017: 7 weeks= $589.90**
i. Total number of regular weeks: 7 weeks
Total number of hours worked: 47.5 hours weekly
Total number of O/T hours: 7.5
Paid: $660.00: 47.5 hrs. = $13.89 an hour:2= $6.94 half-time

Half-time $6.94 x 7.5= $52.05 weekly x 6 weeks= $312.30

ii. High season Saint Valentine 1 week: 80 hours
Overtime hours: 40 hours

Half-time $6.94 x 40= $277.60.

Total overtime 1, 2 and 3: $7,241.45

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

42. Therefore, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

43. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. At the times mentioned, individual Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ were the owners/partners, and managers of SOUTH FLORALS. These individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of SOUTH FLORALS in relation to their employees, including Plaintiff and others similarly situated. Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ are jointly liable for Plaintiff's damages.

45. Defendants SOUTH FLORALS, SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ willfully and intentionally misclassified Plaintiff as an Independent Contractor and refused

to pay Plaintiff overtime wages as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

46. Plaintiff seeks to recover her unpaid overtime wages accumulated during her time of employment with Defendants as allowable by law.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYRA A. BEDOYA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MAYRA A. BEDOYA and other similarly-situated individuals and against the Defendants SOUTH FLORALS, SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MAYRA A. BEDOYA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MAYRA A. BEDOYA and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

48. Plaintiff MAYRA A. BEDOYA re-adopts each and every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

49. Defendant SOUTH FLORALS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is fresh flower shop and delivery service that participated in interstate commerce. Defendant also engaged in interstate commerce by using the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

50. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff as a delivery driver, delivering orders taken on line and paid with credit cards. Therefore, there is FLSA individual coverage.

51. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

52. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

53. Defendant SOUTH FLORALS employed Plaintiff MAYRA A. BEDOYA as a delivery driver from approximately February 4, 2015 through February 17, 2017, or 103 weeks.

54. Plaintiff maintained a regular schedule. Plaintiff worked from Monday to Friday, minimum 47.5 hours per week.

55. During the high season weeks of Saint Valentine, Mother's Day, Thanksgiving Day, and Christmas, Plaintiff worked weeks of 68, 80, and 84 hours.

56. Plaintiff was paid $6.00 per delivery, regardless the distance or the time employed performing the delivery. Plaintiff completed an average of 22 deliveries and she was paid an average of $660.00 weekly.

57. During her time of employment with Defendants, Plaintiff MAYRA A. BEDOYA was wrongly classified as an "Independent Contractor". However, Plaintiff was an employee of SOUTH FLORALS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

58. Plaintiff worked regularly a minimum of 47.5 hours weekly. However, due to her misclassification as independent contractor Plaintiff did not receive any additional payment for 7.5 overtime hours, and many more hours in high season weeks.

59. Therefore, during the relevant period, Defendants misclassified Plaintiff and failed to pay her overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of FLSA provisions.

60. On or about December 2, 2016, and December 20, 2016, Plaintiff complained to her managers Juan Rivera and German Guzman. Plaintiff complained about the missing payment for overtime hours. Managers Juan Rivera and German Guzman answered in both opportunities: "we don't pay overtime here, take it or leave".

61. These complaints constituted protected activity under the Fair Labor Standards Act.

62. On or about February 7, 2017, Plaintiff tried to talk to the owners of the business SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ about her overtime problems, Plaintiff was not alone there were others drivers that wanted to complaint about overtime payment. Nevertheless, Plaintiff was not allowed to talk to them.

63. As a result, on or about February 20, 2017, Plaintiff was fired, without further explanations.

64. At all time during her employment with Defendants, Plaintiff performed her duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

65. There is closed proximity between Plaintiff's last protected activity and the date of her termination.

66. At the times mentioned, individual Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ were the owners/partners, and managers of SOUTH FLORALS. These

individual defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant acted directly in the interests of SOUTH FLORALS in relation to their employees, including Plaintiff and others similarly situated. Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ had financial and operational control of the corporation, determined terms, working conditions, and provided Plaintiff and other similarly situated employees with their work schedule. Defendants SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ are jointly liable for Plaintiff's damages.

67. Defendants SOUTH FLORALS, SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by firing her.

68. The motivating factor which caused Plaintiff's termination as described above was the complaint seeking overtime wages from the Defendants. In other words, Plaintiff would not have been discharged but for her complaint for overtime wages.

69. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

70. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYRA A. BEDOYA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SOUTH FLORALS, SAMUEL D. NORIEGA, and DANIEL L. SANCHEZ that Plaintiff MAYRA A. BEDOYA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff MAYRA A. BEDOYA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff MAYRA A. BEDOYA demands trial by jury of all issues triable as of right by jury.

DATED: March 28 , 2017

Respectfully submitted,

By: __/s/ Zandro E. Palma____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*